

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| RONALD G. RODGERS,<br>　　　　　Plaintiff,<br><br>vs.<br><br>JEFFREY B. HANSEN,<br>　　　　　Defendant. | §<br>§<br>§<br>§　　CIVIL ACTION 3:23-5322-MGL-SVH<br>§<br>§<br>§ |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
AS PROVIDED HEREIN**

　　Plaintiff Ronald G. Rodgers (Rodgers) filed this 42 U.S.C. § 1983 lawsuit against Defendant Jeffrey B. Hansen (Hansen).  Rodgers is representing himself.

　　Rodgers alleges his constitutional rights were violated when, on August 29, 2023, Hansen performed a gunshot residue test (GSR test) on him, which followed his arrest for murder.  Hansen seeks dismissal of Rodgers's claims and/or a stay in this case pending resolution of Rodgers's state court criminal proceedings.

　　The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge recommending to the Court Hansen's motion for summary judgment be granted in part and denied in part.  More specifically, she suggests all Rodgers's claims, except for his claim concerning the GSR test, be dismissed.  She further proposes Rodgers's motion for judgment as a matter of law be denied.

In addition, the Magistrate Judge recommends the remainder of this case be stayed pending resolution of state court criminal proceedings against Rodgers, and that Rodgers be directed to apprise the Court of the status of the criminal proceedings against him every six months, and to notify the Court when the criminal charges are resolved such that the stay can be lifted. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on July 19, 2024, but both Rodgers and Hansen failed to file any objections to the Report. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Moreover, a failure to object waives appellate review. *Rodgers v. Collins*, 766 F.2d 841, 845-46 (4th Cir. 1985).

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court adopts the Report, except as provided below, and incorporates it herein. It is therefore the judgment of the Court Hansen's motion for summary judgment is **GRANTED IN PART AND DISMISSED WITHOUT PREJUDICE IN PART**. Consequently, all Rodgers's

claims, except for his claim concerning the GSR test, are **DISMISSED**. Further, Rodgers's motion for judgment as a matter of law is **DENIED**.

The remainder of this case is **STAYED** pending resolution of state court criminal proceedings against Rodgers. Rodgers and Hansen are each **DIRECTED** to file a status report with the Court every six months apprising it of the status of the criminal proceedings against Rodgers, and to notify the Court when the criminal charges are resolved such that the stay can be lifted.

**IT IS SO ORDERED**.

Signed this 4th day of October, 2024, in Columbia, South Carolina.

/s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

*****

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.